CHARLES R. CHRISTY ET AL., RESPONDENTS, v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

Argued March 16, 1917—Decided June 18, 1917.

1. In a suit brought to recover damages for property destroyed by fire through the failure of the defendant railroad to use reasonable care to keep its right of way in New York State clear of combustible materials, a written statement made by the defendant's general manager (who was charged with the duty of maintenance and care of such right of way), to the public service commission of New York (when it was conducting a legally authorized investigation of the fire) to the effect that, at the time of the fire, the defendant company had not cleared its right of way of combustible materials, was admissible in evidence against the defendant company.

2. The general rule is that when a corporation authorizes an attorney to speak for it, the corporation may be confronted by testimony as to what was said by such attorney within the scope of his authority.

3. Where a railroad company had authorized its attorney to act and speak for it at a legally authorized hearing by the public service commission at which a fire along the company's right of way, and the company's connection therewith, was under investigation, evidence as to such attorney's statements then and there made with respect to combustible matter on such right of way at the time of the fire, are admissible in evidence against the company in a suit involving that issue, subject to the latter's right to disprove, rebut, or explain such statements.

4. The presumption of payment or release arising from lapse of time is not necessarily a conclusive and absolute presumption. The lapse of time gives rise to a conclusive and absolute presumption only when not satisfactorily accounted for or explained. But when so accounted for or explained the delay still remains as one of the facts in the case upon which the ultimate question of payment or release is to be determined in connection with the other evidence.

5. When a party asks for an instruction which is partly good and partly bad, it is proper to refuse it altogether.

On appeal from the Supreme Court.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondents, *Edmund W. Wakelee, Wendell J. Wright* and *Edward V. Thornall* (of the New York bar).

The opinion of the court was delivered by

TRENCHARD, J.  This appeal brings up for review a judgment in favor of the plaintiffs below, entered upon the verdict of a jury, at the Hudson Circuit.

We are of the opinion that the judgment must be affirmed.

The action was brought by the plaintiffs, residents of New Jersey, against the defendant railroad, to recover the value of certain cut and piled timber at Long Lake West, Hamilton county, New York, which was destroyed by fire on September 27th, 1908.

The only questions raised on this appeal are those points reserved in the rule to show cause why a new trial should not be granted, which was discharged.

The first challenges the admission in evidence at the trial of a communication by A. H. Smith, vice president and general manager of the defendant company, dated January 6th, 1909, addressed to the public service commission, second district, State of New York.

The situation was this: At the trial of the present case the main issue was whether or not the defendant company was negligent in the maintenance and care of its right of way in violation of its common duty to exercise reasonable care to keep it clear of combustible matter, by reason of which negligence the plaintiffs sustained the damages sued for.

The plaintiffs introduced evidence tending to show that the right of way of the defendant at and near where the plaintiffs' lumber was piled was filled with combustible materials. The plaintiffs also put in evidence section 72 of the

General Railroad law of the State of New York which enacts, among other things, that "every railroad company shall, on such parts of its road as passes through forest land or lands subject to fires from any cause, cut and remove from its right of way along such lands, at least twice a year, all grass, brush and other inflammable materials," and also provides that "the public service commission must, upon the request of the forest, fish and game commissioner, and on notice to the railroad company or companies affected, require any railroad company having a railroad running through forest lands in counties containing parts of the forest preserve, to adopt such devices and precautions against setting fire upon its line in such forest lands as the public interest requires."

It was also proven and admitted (1) that part of the forest preserve was in Hamilton county; (2) that after the fire in question the public service commission of the second district of the State of New York, upon the request of the forest, fish and game commissioner, began an investigation into such fire to ascertain what the causes were, and to what extent railroad operations were responsible; (3) that the commission made an order directing the defendant company and others to show cause what precautions were being used by them against setting fires upon their respective lines in forest lands, &c.; (4) that at such hearing the defendant company was represented both by its general attorney and its local attorney, and submitted to the commission a communication, in writing, made by Mr. Smith, the vice president and general manager of the defendant company.

It was evidence of this communication which the defendant contends was error requiring reversal. We think not.

The communication contained a statement from which the inference might properly be drawn that the defendant company, at the time of the fire in question, had not cleared its right of way of combustible materials, and the communication having been made by its general manager, who, it appeared, was charged with the duty of maintenance and care of such right of way, was admissible in evidence against the defendant company. *Halsey* v. *Lehigh Valley Railroad Co.,* 45 *N.*

*J. L.* 26; *Agricultural Insurance Co. v. Potts,* 55 *Id.* 158; *Carey* v. *Wolff & Co.,* 72 *Id.* 510; *Jones* v. *Mount Holly Water Co.,* 87 *Id.* 106.

It is next argued that there should be a reversal because of evidence given of an oral statement made by Martin E. McClary, the local attorney of the defendant, before the public service commission, at the hearing above referred to.

We think there is no merit in this contention.

It satisfactorily appeared at the trial, apart from Mr. McClary's statement, that he was the defendant's local attorney, and was instructed by the defendant company to act and speak for it at the hearing respecting the defendant's relation to the fire in question.

The statement in question was then and there made by him in pursuance of his instructions. It was in amplification of the written statement of Mr. Smith, and was that the condition of the right of way, with respect to combustible matter, was "bad and was one of the causes of the fire."

Now, the general rule is that when a corporation authorizes an attorney to speak for it, the corporation may be confronted by testimony as to what was said by such attorney within the scope of his authority. *Gallagher* v. *McBride,* 66 *N. J. L.* 360; *Huebner* v. *Erie Railroad Co.,* 69 *Id.* 327; *King* v. *Atlantic City Gas Co.,* 70 *Id.* 679; *Wall* v. *Hinds,* 4 *Gray* (*Mass.*) 256; *Luther* v. *Clay,* 39 *L. R. A.* (*Ga.*) 95.

And where, as here, the defendant railroad company had authorized its attorney to act and speak for it, at a legally authorized hearing by the public service commission at which the fire in question, and the defendant's connection therewith, was under investigation, evidence as to such attorney's statements then and there made with respect to combustible matter on such right of way at the time of the fire, was admissible in evidence against the company in this suit involving that issue, subject to the latter's right to disprove, rebut or explain such statements.

The last reason urged for reversal is that the trial judge refused to charge as follows:

"Plaintiffs' right of action, if any, having accrued Septem-

ber 27th, 1908, the law of this state presumes that plaintiffs' demands were paid or released within one year thereafter. This presumption has not been rebutted and the verdict must be for the defendant."

The defendant's contention was, and is, that the plaintiffs, when they invoked the jurisdiction of a court of this state over such a cause of action arising in New York, must accept the limitations which would arise against one prosecuting such a cause of action which arose in this state, and that the courts of New Jersey will presume that such cause of action has been released or settled at the expiration of the period of one-year limitation found in section 58 of our General Railroad act. *Pamph. L.* 1903, *p.* 674. And since that section only applies to railroads within this state, the defendant filed pleas of payment and release in order to raise that question.

Assuming that the defendant's contention respecting the presumption of payment or release is sound to a certain extent, still the refusal of the instruction was right.

The presumption of payment or release arising from lapse of time is not necessarily a conclusive and absolute presumption. The lapse of time gives rise to a conclusive and absolute presumption only when not satisfactorily accounted for or explained. But when so accounted for or explained, the delay still remains as one of the facts in the case upon which the ultimate question of payment or release is to be determined in connection with the other evidence. *Gulick* v. *Loder,* 13 *N. J. L.* 68, 71; *Blue* v. *Everett,* 55 *N. J. Eq.* 329, and cases there cited.

At the trial, in order to meet the defendant's pleas of payment and release, and to account for and explain the delay of a few days beyond one year from the time of the fire, the plaintiffs proved that they had not been paid and had not released the defendant. They also introduced evidence tending to show that immediately after the fire they put their claim in the hands of their attorney who had many interviews and much correspondence respecting it with the duly-authorized attorney of the defendant; that in the course of these negotiations, and about two weeks before the expiration of one

year from the time of the fire, the defendant's attorney requested the plaintiffs' attorney to delay beginning suit until a day named, which, it appears, was one day beyond the one-year period; that on that day the defendant's attorney informed the plaintiffs' attorney that further negotiations were useless, and within a few days thereafter this suit was begun.

In this state of the proofs the trial judge was bound to, and did, submit the question of payment and release to the jury.

So, too, he was bound to refuse the request to charge.

Even if it be assumed that the first paragraph of the request was proper, clearly the second paragraph, which called for a direction of a verdict for the defendant, was improper. And when a party asks for an instruction which is partly good and partly bad, it is proper to refuse it altogether. *Dederick v. Central Railroad Co.*, 74 *N. J. L.* 424.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.