136 N.J. Super. 262 (1975)
345 A.2d 804
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MORRIS STEVENS, A/K/A RUSSELL STEVENS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 17, 1975.
Decided September 25, 1975.
*264 Before Judges HALPERN, CRANE and MICHELS.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. John A. Snowdon, Jr., Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Lowell Espey, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was convicted by a jury of attempted rape, in violation of N.J.S.A. 2A:85-5. His codefendant, Willie Hodges, who has not appealed, was convicted of raping the same female, in violation of N.J.S.A. 2A:138-1. Defendant was sentenced to New Jersey State Prison for a term of seven to nine years.
He contends the trial judge committed reversible error in permitting a police chemist to testify that an analysis of certain paper tissues, made by his assistant under his supervision, contained human seminal material and was positive for spermatozoa. There is no need to recite the uncontradicted evidence of defendant's guilt  defendants did not testify  other than to indicate that the proofs were that Hodges had used the tissues to wipe himself after having sexual intercourse with the victim.
We find no error in the admission of the police chemist's testimony because it related only to a codefendant and not defendant, see United States ex rel. Meadows v. New York, 426 F.2d 1176 (2d Cir.1970), cert. den. 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971). In addition, one expert's testimony may be based on the work done or hearsay evidence of another expert, especially if the latter's work is supervised by the former. Here defendant fully cross-examined the expert and, under the circumstances, he was not deprived of his right of confrontation. This modern rule has been accepted by many authorities, *265 see Evid. R. 56(2) and the commentary thereon; United States v. Williams, 447 F.2d 1285 (5th Cir.1971), cert. den. 405 U.S. 954, 92 S.Ct. 1168, 31 L.Ed.2d 231 (1972); Jenkins v. United States, 113 U.S. App. D.C. 300, 307 F.2d 637 (D.C. Cir.1962); Moore v. Cataldo, 356 Mass. 325, 249 N.E.2d 578 (Sup. Ct. 1969); Grant v. State, 472 S.W.2d 531 (Tex. Civ. App. 1971); McCormick, Evidence (2 ed. 1972), § 15; Annotation, "Admissability on issue of sanity of expert opinion based partly on medical, psychological, or hospital reports," 55 A.L.R.3d 551. Finally, in view of the overwhelming proof of defendant's guilt, if error existed it was harmless beyond a reasonable doubt. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), reh. den. 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967); State v. La Porte, 62 N.J. 312, 320 (1973).
Considering the nature of the present offense and defendant's prior criminal record, the sentence imposed was warranted and defendant has failed to show that the sentencing judge abused his discretion. State v. Tyson, 43 N.J. 411 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
Affirmed.