146 N.J. Super. 416 (1976)
370 A.2d 25
EMERY J. SALLO AND JO ANN SALLO, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
JACK SABATINO AND MARIO SABATINO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1976.
Decided December 13, 1976.
*417 Before Judges CRANE, MICHELS and LEONARD.
Mr. Theodore E. Maloof argued the cause on behalf of appellants.
Mr. Robert J. Murphy argued the cause on behalf of respondents (Messrs. Vaccaro, Osborne & Curran, attorneys).
The opinion of the court was delivered by CRANE, P.J.A.D.
This is an automobile, personal injury, negligence action. Plaintiffs appeal from the denial of their motion for a new trial. They contend that the verdict in favor of plaintiff husband in the amount of $5,000 was grossly inadequate and that the verdict of no cause for action on plaintiff wife's claim for loss of services was a miscarriage of justice under the law. They also contend that the trial judge erred in refusing to admit a hospital bill; that he in informing the jury that plaintiffs recovered damages in a previous automobile negligence case involving *418 similar injuries, and had erred in admitting into evidence a medical report of plaintiffs' medical expert relating to the previous injury which described plaintiff husband as totally disabled.
We have carefully reviewed the record. The evidence of the extent of plaintiff husband's injuries was sharply in conflict and subject to evaluation with regard to credibility. We are of the opinion that the jury could reasonably have reached the verdict it rendered on the basis of the evidence before it. In our view the verdict was not a miscarriage of justice under the law. See Dolson v. Anastasia, 55 N.J. 2, 6-8 (1969); R. 2:10-1; R. 4:49-1(a).
In offering the hospital bill plaintiffs did not lay a proper foundation showing that the treatment was necessary and the charges reasonable. Garafola v. Rosecliff Realty Co., 24 N.J. Super. 28, 43 (App. Div. 1952). We find no error in the judge's informing the jury that plaintiffs had realized a recovery as a result of the prior injury. During the course of the trial the jury was properly made aware of the previous injury and the previous lawsuit which involved a similar collision which plaintiffs claimed resulted in similar injuries.
The medical report had been furnished by plaintiffs to defense counsel in the previous litigation in answer to interrogatories. Question No. 3 of the interrogatories asked for a detailed description of the nature, extent and duration of all injuries. The answer furnished was, "See Doctor's Reports." Question No. 7 requested two copies of all written reports rendered by doctors whom plaintiffs proposed to have testify in their behalf. In response to both questions the report of Dr. Jack Sall was attached. In its entirety this report stated: "Mr. Sallo was examination [sic] by me on August 26, 1971. It is my opinion that he is totally disabled at this time." In submitting the report in support of their claims in the previous lawsuit plaintiffs were presumably manifesting their adoption of it and their belief in its truth. 4 Wigmore, Evidence, (Chadbourn rev. 1972), *419 § 1073 at 129. We are not made aware of any disclaimer or limiting language having been incorporated into the answer to interrogatories relating to the disputed medical report. The fact that a copy of the doctor's report was submitted as the answer to the interrogatory seeking to elicit the nature and extent of plaintiff's claimed injuries indicates quite clearly that plaintiffs intended to rely on the opinion of the doctor in furtherance of the objectives of their cause of action. R. 4:10-2(d). Under the circumstances the contents of the doctor's report were adopted by plaintiffs and were admissible as an adoptive admission pursuant to Evid. R. 63(8). Bageard v. Consolidated Traction Co., 64 N.J.L. 316, 321 (E. & A. 1899). See also, Christy v. N.Y. Central & Hudson R.R. Co., 90 N.J.L. 540 (E. & A. 1917); United States v. Article of Drug, 362 F.2d 923 (3 Cir.1966); Pekelis v. Transcontinental & Western Air, Inc., 187 F.2d 122, 128 (2 Cir.1951), cert. den. 341 U.S. 951, 71 S.Ct. 1020, 95 L.Ed. 1374 (1951); Fed. Rules Evid. Rule 801(d) (2) (B), 28 U.S.C.A.; McCormick, Evidence, 2nd Ed. 1972, § 269 at 649; 4 Wigmore, op. cit., § 1075 at 148.
Judgment affirmed.