197 N.J. Super. 523 (1984)
485 A.2d 341
ALEX ORTIZ, A MINOR BY HIS GUARDIAN AD LITEM, HECTOR M. ORTIZ, AND HECTOR M. ORTIZ, INDIVIDUALLY, PLAINTIFFS,
v.
JOHN VAN WAGONER AND MARILYN F. VAN WAGONER, DEFENDANTS.
Superior Court of New Jersey, Law Division Morris County.
Decided August 2, 1984.
*525 James J. Mahoney for plaintiffs (Blume, Vazquez, Goldfaden, Kuhn & Berkowitz, attorneys).
Brian R. O'Toole for defendants (O'Donnell, McCord, Leslie & O'Toole, attorneys.)
MacKENZIE, J.S.C.
The New Jersey Court Rules governing civil procedure authorize a party to propound interrogatories as part of pretrial *526 discovery. R. 4:17-1 et seq. In an ordinary bodily injury case, the defense will routinely request that the plaintiff be examined by one or more medical doctors in accordance with R. 4:19. The attorney for the defendant(s) will send the plaintiff's counsel a copy of the defense expert's report; typically, it is appended to and made part of the answers to plaintiff's interrogatories. See R. 4:10-2(d)(1), (2); R. 4:17-4(a). If the defendant has answered the plaintiff's interrogatories before the plaintiff has been examined by the defense's expert, then the defendant's attorney will forward the report to the plaintiff under separate cover. The report is generally accompanied by a cover letter which requests that the defendant's answers be amended to include the examining physician as one of the witnesses whom the defendant may call at trial. See R. 4:17-7.
Here, defendant submitted the reports of two examining physicians as part of her answers to interrogatories, but chose not to call either doctor to testify at trial. At plaintiff's behest, this Court had to decide whether submission of the reports should be deemed an expression of defendant's reliance upon their contents and, if so, whether these reports should be admissible as adoptive admissions, Evid.R. 63(8)(b), or as vicarious admissions, Evid.R. 63(9)(a). For reasons hereinafter expressed, this Court decided that neither report was admissible.
The infant plaintiff, Alex Ortiz, (Alex) suffered serious bodily injuries on September 2, 1981 when, as he was crossing Black-well Street in Dover, New Jersey, he was struck by an automobile driven by the defendant. He was unconscious during the first eleven days of his four-week hospitalization at Dover General Hospital where he was treated for a subdural hematoma, fractures of the right femur and left clavicle, and multiple lacerations and abrasions. He was discharged on September 30, 1981, but he remained under the care of various medical specialists.
A neurologist who monitored Alex's progress at the hospital and after his discharge concluded that he had not suffered any *527 permanent neurological impairment. Treatment of the fractured femur included the insertion of a Steinmann's pin and skeletal traction and produced a generally positive result, although at trial one of Alex's legs was a half-inch shorter than the other. This caused him to walk and run with a limp. Alex thus asserted claims for both temporary and permanent orthopedic impairment. Although a plastic surgeon's efforts to repair and conceal the lacerations were largely successful, a visible forehead scar remained. While the plastic surgeon has recommended additional cosmetic revision, the plaintiff and his parents have not yet given their consent. Thus, at trial, plaintiff also contended that the accident had both temporarily and permanently disfigured him.
Defendant invoked R. 4:19[1] and requested that the infant plaintiff be examined by an orthopedic surgeon and by a plastic surgeon. Each examining physician, Dr. Theodore Levine and Dr. Donald Malton, produced a report for defendant's attorney which contained his findings, diagnosis and prognosis with regard to Alex's condition. The opinions of those physicians generally concurred with those recorded by the plaintiff's treating orthopedist and his plastic surgeon.
Alex demanded copies of all reports of defendant's experts in the interrogatories which he propounded. The defendant, who *528 had answered the interrogatories before she had received the reports from those physicians, then amended her answers by sending a copy of each report to the plaintiff's attorney. The cover letter accompanying each report contained the following representations respectively:
Enclosed herein please find the report of Dr. Donald Malton who examined your client on our behalf. Please amend our answers to include Dr. Malton as an expert witness at the time of trial.
Enclosed please find the report of Dr. Theodore Levine who examined your client on our behalf. Kindly amend our answers to interrogatories to include Dr. Levine as an expert witness at the time of trial.
At trial, the defense decided not to call either Dr. Levine or Dr. Malton. On rebuttal, Alex moved that the reports by these examining doctors be admitted as substantive evidence. He contended that the defendant had adopted the contents of these reports and that they embodied defendant's position regarding the nature and extent of plaintiff's injuries. Alex relied upon Evid.R. 63(8)(b).[2] Plaintiff argued that both the letter and spirit of Sallo v. Sabatino, 146 N.J. Super. 416 (App.Div. 1976), certif. den. 75 N.J. 24 (1977) supported his argument.
Rule 63(8)(b) provides that a statement is admissible against a party if (s)he, with knowledge of the statement, has expressly or impliedly manifested her/his adoption of it or belief in its truth. Here, Alex did not show that the defendant knew what either doctor had written in his report before the reports were made available and her interrogatories were amended. Nor did the text of her attorney's cover letters support a conclusion that he, on her behalf, adopted the reports. Defense counsel, in the judgment of this Court, simply transmitted the reports to his adversary as required by the Court Rule R. 4:19.
*529 There was another impediment to admission of the reports. The opinion of an expert who has conducted an examination pursuant to R. 4:19[3] is discoverable as a matter of law. R. 4:10-2(d)(1). The opinions of experts other than those who examine under the authority of R. 4:19 and who are not expected to testify at trial are discoverable only upon a showing of extraordinary circumstances. R. 4:10-2(d)(3). Thus, the defense had no right to refuse to allow plaintiff to discover the reports of doctors who have examined him/her in accordance with R. 4:19. Forwarding these reports should not be interpreted either as an adoption by defendant of the examining doctors' findings or as an affirmation of her belief in the accuracy of those findings. When one is compelled to supply a report, it cannot be said that one assents to, ratifies or adopts the contents of that report. Thus, when the defendant's attorney fulfilled his obligation to turn over to plaintiff the reports of the two examining physicians, that act did not constitute an adoptive admission.
Furthermore, the reports of these doctors were not admissible as vicarious admissions simply because defendant's attorney acted on her behalf when he mailed them to plaintiff's *530 counsel. Neither physician was an agent, employee or representative of defendant. See Evid.R. 63(9)(a).[4] Nor can it be said that defendant authorized the physicians to make the statements contained in their reports. See Gunter v. Fischer Scientific American, 193 N.J. Super. 688 (App.Div. 1984).
Sallo v. Sabatino, supra, 146 N.J. Super. 416, upon which plaintiff relies, is distinguishable with regard to both the facts and the law. Sallo presented a situation in which a defendant sought to introduce into evidence a report by a doctor who had treated Sallo in conjunction with an earlier lawsuit brought by Sallo against a different defendant. That report had been appended to Sallo's answers to interrogatories at that trial. That report was admitted during the case against Sabatino.
One of the issues raised at the second trial was the nature and extent of the disability produced by the first accident. In such a case, the burden is on the plaintiff to distinguish a pre-existing condition from the injuries or disability caused by a subsequent trauma. Cf. Fosgate v. Corona, 66 N.J. 268 (1974); Tisdale v. Fields, 183 N.J. Super. 8 (App.Div. 1982). It was essential for the jury to know what the plaintiff's physical condition had been prior to the accident involving Mr. Sabatino. At the first trial, plaintiff obviously was attempting to establish his total disability and its proximate causation by that accident. In order to do so, plaintiff relied on his treating doctor's opinion that he was totally disabled. Because plaintiff had asserted the accuracy of that diagnosis in the earlier action, the report containing that finding could be properly regarded in the subsequent trial as an adoptive admission.
Thus, the situation in Sallo is distinguishable as a matter of fact and law from the situation presented at this trial. Because *531 the defendant did not use or rely upon the reports of Dr. Levine and Dr. Malton in any way, Sallo did not control here. Since the reports did not otherwise have evidential qualifications, neither was admitted into evidence.[5]
NOTES
[1] R. 4:19 authorizes the examination of a personal injury plaintiff in the following terms:

In an action to which a claim is asserted by a party for personal injuries or in which the mental or physical condition of a party is in controversy, the court in which the action is pending may from time to time order him to submit to a physical or mental examination by a medical or other expert. Such examination may include the taking of X-rays and other tests of physical or mental condition. The order may be made only on motion for good cause shown, supported by affidavit stating the party's refusal to submit to an examination upon the movant's request, and upon notice to the party to be examined and to all other parties. The order shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The court, upon application showing good cause, may permit subsequent reexaminations, provided the same will not delay the trial.
[2] Evid.R. 63(8)(b) reads as follows:

A statement is admissible against a party (a) ... (b) if the party with knowledge of the content of the statement has, by words or other conduct, manifested his adoption of it or his belief in its truth.
[3] R. 4:10-2(d)(1) reads as follows:

(d) Trial Preparation; Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of R. 4:10-2(a) and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(1) A party may through interrogatories require any other party to disclose the names and addresses of each person whom the other party expects to call at trial as an expert witness, including a treating physician who is expected to testify and of an expert who has conducted an examination pursuant to R. 4:19 whether or not he is expected to testify to state the subject matter on which the expert is expected to testify, to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and to furnish, as provided by R. 4:17-4(a), a copy of the report of an expert witness including a treating physician, and, whether or not he is expected to testify, of an expert who has conducted an examination pursuant to R. 4:19. [Emphasis Supplied.]
[4] Evid.R. 63(9)(a) provides:

A statement which would be admissible if made by the declarant at the hearing is admissible against a party if (a) when made it concerned a matter within the scope of a then existing agency, employment or representative relationship, or (b)....
[5] The issue of whether such reports could have provided the basis under Evid.R. 56 for a confirmatory opinion from plaintiff's experts was not developed at trial. Cf. Dietzeman v. Peterson, 196 N.J. Super. 96 (L.Div. 1984) (1984).