215 N.J. Super. 454 (1986)
521 A.2d 1377
CARLOS SERRANO, PLAINTIFF,
v.
MARK K. LEVITSKY, M.D., BRIDGETON HOSPITAL AND RICHARD WOLF MEDICAL INSTRUMENTS CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division, Union County.
Decided December 3, 1986.
*457 Jack Wurgaft, for plaintiff (Javerbaum & Wurgaft, attorneys).
Brian W. Hunkins, for defendant Dr. Levitsky (Dughi & Hewit, attorneys).
R. Scott Eichhorn, for defendant Bridgeton Hospital (McDonough, Murray & Korn, attorneys).
Eugene Rosner, for defendant Richard Wolfe Medical Instruments Corporation (Fink & Rosner, attorneys).
MENZA, J.S.C.
The question presented in this medical malpractice case is whether an unsolicited opinion contained in the report of plaintiff's treating physician, that the defendant-doctor was not negligent in his treatment of the plaintiff, is admissible against plaintiff in his action against the doctor.
Plaintiff sustained injuries during surgery when a surgical instrument broke while being used by defendant-doctor. In preparation for his case, plaintiff's attorney requested and received from his treating physician a medical report which set forth plaintiff's diagnosis, course of treatment and prognosis. Included in the report was the treating physician's opinion that defendant-doctor was not negligent in the performance of the surgery. Although plaintiff's attorney did not request the opinion of the doctor on the issue of negligence, the treating physician had previously informed him that he would not send the report unless it contained his opinion regarding the negligence of defendant-doctor. The entire report was thereafter forwarded to defendants. At the same time, plaintiff's attorney wrote to defendants disclaiming that portion of the report dealing with the negligence issue.
Plaintiff has presented the treating physician as a witness to testify with regard to his diagnosis and treatment of plaintiff. Defendants wish to cross-examine him in order to elicit his opinion regarding the negligence of defendant-doctor. In the *458 alternative, defendants wish to present the doctor as an expert witness on their behalf. Plaintiff objects, contending that the opinion of the treating physician on the issue of negligence was unsolicited and cannot, therefore, be utilized in the trial of this matter. He further contends that defendants have their own expert, and therefore, it is unnecessary for them to elicit the opinion of plaintiff's treating physician on the negligence question.
Defendants' position is simply that plaintiff is bound by the entire report of his expert and that all of the contents are admissible in evidence.
The court rules mandate that reports of treating physicians are to be furnished to the opposing party. See R. 4:17-4(e). Plaintiff was, therefore, required to furnish to defendants the report of his treating physician. He was in a dilemna, however, because in effect he had two reports: one which he requested, and another which was gratuitous and detrimental to his case. If he withheld the report, he would violate the rules and be prevented from presenting the treating physician as a witness. If he forwarded the report, he would jeopardize his case. Succinctly, he was damned if he did, and damned if he didn't. Plaintiff elected to comply with the rules and furnished the report to defendants. In doing so, he made it clear, however, that the portion of the report relating to the liability aspect of the case was not adopted by him. This was an effective disclaimer of that aspect of the report. The mere fact that an expert's report is furnished to the opposing party in accordance with the rules does not thereby constitute an adoption of the report by the person forwarding it. An expression that the party does not adopt the report is a sufficient disclaimer of the report. Skibinski v. Smith, 206 N.J. Super. 349, 353 (App.Div. 1985); see Ortiz v. Van Wagoner, 197 N.J. Super. 523, 529 (Law Div. 1984).
Even if one were to assume that the various aspects of the report were indivisible and could not be disclaimed in part, *459 the portion of the report dealing with the liability question could not be characterized as a report of plaintiff, and that is simply because the treating physician was not asked to furnish to plaintiff a report on the issue of negligence. Since he was not asked his opinion, he should not have given one, and the fact that he did so does not thereby make it a report of plaintiff.
Now that it has been determined that the report of the treating physician should not be considered as an expert's report of plaintiff, the next question is whether the substance of the report may nevertheless be brought out at trial and used against plaintiff. The discovery rules are helpful in this determination.
The rules provide that a party's expert witness may be deposed when it is anticipated that the expert will testify at trial. Depositions may not be taken of an expert witness when the expert is not expected to be called at trial, except upon a showing of exceptional circumstances, under which it is impractical for the opposing party to obtain the facts or opinions contained in the report by other means. See R. 4:10-2(d)(2), (3). In the instant case, the treating physician was obviously not expected to testify on the issue of negligence. He was in effect, therefore, an expert who was not expected to be called as a witness and was, thus, not subject to depositions without a showing of exceptional circumstances. Defendants could not make such a showing because they already had an expert witness to testify on the issue of negligence. Therefore, since defendants were unable to obtain the opinion of plaintiff's expert in depositions, logic would dictate that they should not be able to elicit his opinion at trial.
Lastly, this court is of the opinion that the contents of the treating physician's report dealing with the issue of negligence is protected by the nature of the relationship and cannot, therefore, be disclosed. In the case of Stempler v. Speidell, 100 N.J. 368 (1985), the Court, in ruling on defendant's request *460 to interview the decedent's treating physician prior to trial, commented this way on the relationship of a doctor to his patient:
An equally if not more important interest of the plaintiff although not specifically pressed before us, is the desire to preserve the physician's loyalty to the plaintiff in the hope that the physician will not voluntarily provide evidence or testimony that will assist the defendant's cause. See Alexander v. Knight, supra, 197 Pa.Super. at 79, 177 A.2d at [142] 146 (Members of the medical profession "owe their patients more than just medical care for which payment is exacted; there is a duty of total care; that includes and comprehends a duty to aid the patient in litigation, to render reports when necessary and to attend court when needed. That further includes a duty to refuse affirmative assistance to the patient's antagonist in litigation." [Id. at 381.]
Similarly, in Piller v. Kovarsky, 194 N.J. Super. 392 (Law Div. 1984), the trial judge said:
The purpose of the patient-physician privilege is to enable the patient to secure medical services without fear of betrayal and unwarranted embarrassing and detrimental disclosure in court of information which might deter him from revealing his symptoms to a doctor to the detriment of his health. [Id. at 396]
The court further stated:
... the fiduciary nature of the relationship should preclude a physician from testifying against his patient as a liability expert, at least in a medical malpractice action involving the very condition for which the physician has treated the patient. [Id. at 399]
It would be unfair in this case to permit plaintiff's own physician to undermine plaintiff's case. Plaintiff had no choice but to use the report furnished to him by his treating physician, who apparently felt that his professional loyalty to another physician outweighed his loyalty to his patient. The doctor's professional fealty must not be allowed to harm his patient to whom he owes the greater duty. To allow this evidence to be admitted against plaintiff would, in effect, rob plaintiff of his case. It would simply be outrageous and totally unjust to permit the opinion of plaintiff's own treating physician and expert to be used against him.
That part of the report dealing with the issue of negligence is, therefore, excluded as evidence in the trial of this matter.