ALBERT S. MEHALICK AND ISABELLE MEHALICK, PLAIN-
TIFFS, v. MALCOLM SCHWARTZ, M.D., OVERLOOK HOSPI-
TAL, MEDICAL ENGINEERING CORPORATION, JOHN DOE,
JANE ROE AND XYZ CORPORATION, NAMES BEING FICTI-
TIOUS, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided December 16, 1987.

260

*Paul J. Hirsh* for plaintiffs (*Whipple, Ross & Hirsh,* attorneys).

*Lee Henig–Elona* for plaintiffs (*Harker, Nashel, Kates, Modarelli & Nussman,* attorneys).

*Rowena M. Duran* for defendant Malcolm Schwartz, M.D. (*Hurley & Vasios,* attorneys).

BARISONEK, J.S.C.

Plaintiffs alleged medical malpractice on the part of defendant doctor concerning the implant of a semirigid penile prosthe-

sis. Plaintiffs also claimed that defendant manufacturer of the prosthesis negligently designed said device. Experts' reports were furnished to both defendants by plaintiffs through answers to interrogatories propounded under $R$. 4:10–2(d)(1). One report was a report from a professional engineer as to an alleged defect in the prosthesis. A discovery deposition of plaintiff's engineer was taken pursuant to $R$. 4:10–2(d)(2) as opposed to a *de bene esse* deposition. Prior to trial plaintiffs settled with the manufacturer and trial proceeded against the doctor. Defendant doctor never secured his own expert as to the alleged design defect of the prosthesis, but did continue to pursue a cross-claim against defendant manufacturer.

Plaintiffs, during trial, offered no proofs as to the design defect of the prosthesis and did not call the engineering expert. Furthermore, the expert was not a resident of this State and was not subject to the subpoena power of this State. Defendant doctor, however, during the defense portion of the trial sought to introduce plaintiffs' engineer's report in evidence to support the cross-claim against the manufacturer, alleging that it was admissible as an adoptive admission of plaintiffs pursuant to *Evid.R.* 63(8)(b), since plaintiffs provided the report in answers to interrogatories and as such, adopted the contents as their admission. Defendant doctor relied upon *Sallo v. Sabatino,* 146 *N.J.Super.* 416 (App.Div.1976) which states that the contents of a report referred to in an answer to interrogatories is admissible as an adoptive admission. Defendant also relied upon *Skibinski v. Smith,* 206 *N.J.Super.* 349 (App.Div. 1985), alleging that a party is bound by the contents of an expert's report. These two cases are, however, distinguishable. *Skibinski, supra,* discusses the issue of the limitation of testimony of the expert to the contents of the report as furnished and presumes that the expert witness is called to testify. In the case at hand, however, the expert never testified and was not called by plaintiffs. *Sallo, supra,* is also distinguishable in that the interrogatory, as worded, specifically asked for facts within the knowledge of the party, relating to past and present

complaints, resulting from injuries and the answer provided was, "See Doctor's Reports." *Id.* at 418. The Appellate Division found, therefore, that the answer to the interrogatory amounted to an adoptive admission and that the report could be read into evidence. In the case at hand, however, the interrogatory served pursuant to *R.* 4:10–2(d)(1) simply asked for the names and addresses of expert witnesses, the subject matter on which the expert was to testify, a summary of the grounds for each opinion, and for a copy of the report per *R.* 4:17–4(a). The interrogatory as worded did not ask for factual information from plaintiffs which was within plaintiffs' knowledge as in *Sallo,* but rather asked for the opinion to be given by the expert and as a result cannot be considered as an adoptive admission of plaintiffs. A situation similar to this was discussed in *Ortiz v. Van Wagoner,* 197 *N.J.Super.* 523 (Law Div.1984) in which plaintiff wanted to use in evidence a report of defendant's examining physician whom defendant had no intention of calling at the time of trial. In that case the trial judge, relying upon *R.* 4:19, ruled that when a defendant, in answer to interrogatories, attaches a report of an examining physician, the report cannot be introduced in evidence as an adoptive admission. It is found, therefore, based on the wording of the interrogatory which requested the expert's opinion as opposed to factual information which would be within the knowledge of plaintiffs, that the expert's report cannot be considered as an adoptive admission of plaintiffs.

Defendant doctor then sought to read into evidence the deposition transcript of the engineer expert, pursuant to *R.* 4:16–1(c) which provides in pertinent part:

... the deposition of a witness, whether or not a party may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition ... if the Court finds that the appearance of the witness cannot be obtained because he is dead or is unable to attend to testify because of age, illness, infirmity or imprisonment, or is out of state or because the party offering the deposition has been unable in the exercise of reasonable diligence to procure his attendance by subpoena, provided, however, that the absence of the witness was not procured or caused by the offering party.

■ There is no case directly on point dealing with the use of an expert's deposition as evidence by an adverse party under this rule. It is noteworthy, however, that the rule, as worded, does not limit use of the deposition to lay witnesses and does not exclude expert witnesses. Furthermore, no other rule relating to experts prohibits the use of the deposition by the adversary if the criteria of subsection (c) are met. The *Rules of Evidence,* Comment 1 to *Evid.R.* 63(3) refers to *R.* 4:16 and indicates that it applies to the use at trial of depositions taken in the same action. *Evid.R.* 63(3) applies only to use at trial of depositions taken in prior actions and is not applicable under the circumstances of this case. However, the case cited within the Comment, *Sacawa v. Polikoff,* 150 *N.J.Super.* 172 (App. Div.1977), is relevant when one compares the language in *Evid.R.* 63(3) and *R.* 4:16–1(c), since both deal with use of the disjunctive "or" in the context of unavailability of a witness. *Sacawa, supra,* says that use of the disjunctive preposition "or" means that you may utilize either section as a basis for applying the rule as to use of prior testimony, 150 *N.J.Super.* at 179. If the witness is out of state, that is sufficient and you need not show that legitimate efforts were utilized to secure the appearance of the witness.

■ There is no dispute in this case that the witness is out of state and that all parties to the litigation were at, and had a right to participate in, the deposition of the expert. The conditional requirements of *R.* 4:16–1(c), therefore, have been met.

■ There is a question, however, that if the defendant used the deposition as evidence, would the defendant be compelling an expert witness to render an expert's opinion when the expert is not obligated to do so or may not wish to do so. This concern, however, is not relevant in this case since the opinion had in fact already been rendered and furnished in a prepared report and testified to at deposition by the expert. Also, the equities dictate that when plaintiff relies upon this very opinion to settle a claim with a codefendant, plaintiff should not be

permitted to complain that the expert in fact is being compelled to render an opinion. It is found therefore that when the expert has rendered a report which has been furnished to adversaries and a deposition of the expert has been taken, and the parties in interest were present, or represented at the taking of the deposition, or had reasonable notice thereof and the expert is unavailable because the expert is out of state, the deposition may be used in evidence by any party for any purpose against the other party pursuant to *R.* 4:16–1(c).