MARY FOSGATE, PATRICIA FOSGATE, FRANK FOSGATE AS GUARDIAN *AD LITEM* FOR MARILYN FOSGATE, AN INFANT, AND WENDY ANN FOSGATE, AN INFANT, AND FRANK FOSGATE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. ANTHONY G. CORONA, DEFENDANT-RESPONDENT.

Argued September 24, 1974—Decided December 18, 1974.

*Mr. Charles J. Farley, Jr.,* argued the cause for appellants (*Messrs. Farley & Farley,* attorneys).

*Mr. Paul B. Thompson* argued the cause for respondent (*Mr. Frank L. Brunetti* on the brief; *Messrs. Lamb, Hutchinson, Thompson & Chappell,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. This is a malpractice case in which certification was granted, 65 *N. J.* 283 (1974), to consider plaintiffs' contention that the damages awarded by the jury were patently inadequate and were the result of an erroneous charge by the trial court on the issue of aggravation of a preexisting disease.

The charge of malpractice stems from plaintiff Mary Fosgate having consulted defendant Dr. Anthony G. Corona in the early part of 1963. Her complaints included persistent cough, tired feeling and loss of appetite. She contends that she was suffering from tuberculosis at the time and that defendant failed to diagnose it and, instead, treated her conservatively with cough medicines and vitamins despite the persistence of the same complaints over a six-year period during which there were more than 120 visits to defendant's office.

A few days after her last visit to defendant, which was on July 29, 1969, Mary was involved in a motor vehicle accident. She was taken to the hospital for treatment of injuries and it was found that she was suffering from pulmonary tuberculosis, later diagnosed as far advanced. She was immediately transferred to the Essex County Sanatorium where she was confined under treatment for about one year. Her medical bills for such confinement and treatment were about $13,000.

Prior to the August 1969 automobile accident, Mary had been living in the same household with her son Frank, his wife Patricia and their two children, Marilyn and Wendy. Consequently, all of the family underwent testing for tuberculosis and it was ascertained that Patricia and the two children Marilyn and Wendy had tuberculosis infections. They have been treated and cured of the infection. How-

ever, they will be required to undergo annual examinations to make certain there is no reactivation. It was the treating doctor's opinion that the other members of the family had contracted the infection from Mary.

The jury returned a verdict of $10,000 damages to Mary, $1,000 to Patricia, "no cause" as to Frank individually, and $3,000 to Frank as Guardian *ad Litem* for Marilyn and $1,500 to Frank as Guardian *ad Litem* for Wendy. Following entry of judgment, plaintiffs moved for a new trial on the issue of damages claiming that the awards were patently and grossly inadequate. The trial court agreed that the awards were "low" but denied the motion on the ground that the jury obviously was "not satisfied that the defendant was liable or that the defendant proximately caused all of the damages here."

Plaintiffs appealed to the Appellate Division asserting that the jury verdict was inadequate. A new trial on the issue of damages was requested "as to all the plaintiffs."

In plaintiffs' appellate brief the inadequacy of the verdict in favor of Mary was attributed to the refusal of the trial court to charge the jury as requested by this plaintiff that:

> If you find that the defendant physician was negligent and his negligence resulted in the plaintiff's previous condition being worse than it would have been but for his negligence, the plaintiff may re- cover for her entire existing condition. *Dalton v. Gesser*, 72 *N. J. Super.* 100, 111 (App. Div. 1962); *Hahn v. Delaware L & W Railroad Company*, 92 *N. J. L.* 277, aff'd 93 *N. J. L.* 463 (E. & A. 1919); Restatement of Torts Sec. 461.
>
> A defendant is liable to a plaintiff for the entirety of an inseparable specific disability such as the plaintiff's TB which is the result of the concurrent effect of both the plaintiff's prior condition and the defendant's negligence superimposed upon it. *Dalton v. Gesser*, 72 *N. J. Super.* 100, 115 (App. Div. 1962).

Instead the court charged the jury:

> If a plaintiff is awarded a verdict for a preexisting illness or con- dition, he is entitled to an award of damages only if the jury finds that his illness or condition was. aggravated or made more severe as a result of the alleged malpractice and only to the extent of such aggravation or acceleration.

In figuring your award for damages or medical and hospital expenses, pain, suffering, disability and impairment, you may allow the plaintiffs such damages as will fairly and reasonably compensate them for damages sustained as a result of the malpractice; including any additional medical and hospital expenses and any increased pain, suffering, disability and impairment because of aggravation of the pre-existing illness or injury.

You may not award damages in this law suit for any medical and hospital expenses, pain, suffering, disability or impairment attributable solely to a pre-existing illness or condition.

If such pre-existing illness or condition did not itself involve pain, suffering, disability or impairment, but combined with the damage sustained as a result of the malpractice to produce pain, suffering, disability or impairment, you may award damages to the full extent of such pain, suffering, disability and impairment.

It was argued that the charge as given erroneously required the jury to apportion Mary's damages and that this error in the principal case also tainted the verdicts for the other plaintiffs.

The Appellate Division confined its consideration of the appeal to the requested charge and the charge as given in regard to the extent of Mary's recoverable damages. It found the requested charge to be improper and the charge as given correct. Therefore, it affirmed the judgment in an unreported opinion. It did not consider the quantum of damages independently of the charge.

■■ We conclude that the charge as given was a correct statement of the general legal principle involved, see, 61 *Am. Jur.* 2d, *Physicians, Surgeons, etc.,* § 215 at 359, but was inadequate in the circumstances of this case. Where the malpractice involves treatment of a preexisting disease, the assessment of damages poses a problem because of the practical difficulty in separating that part of the harm' caused by the malpractice from the preexisting disease and its normal consequences. Because of this, courts are now taking the view that in a situation where the malpractice or other tortious act aggravates a preexisting disease or condition, the innocent plaintiff should not be required to establish what expenses, pain, suffering, disability or impairment are attributable solely to the malpractice or tortious act, but that the burden

of proof should be shifted to the culpable defendant who should be held responsible for all damages unless he can demonstrate that the damages for which he is responsible are capable of some reasonable apportionment and what those damages are. As stated in *Prosser, Law of Torts,* (4 ed. 1971), § 52 at 319,

The justification for this rests upon the fact that a choice must be made, as to where the loss due to failure of proof shall fall, between an entirely innocent plaintiff and defendants who are clearly proven to have been at fault and to have done him harm.

Cases adopting this principle include *Matsumoto v. Kaku,* 484 *P.* 2d 147 (Sup. Ct. Hawaii 1971); *Graham v. Roberts,* 142 *U. S.* App. D. C. 305, 441 *F.* 2d 995 (1970); *Hylton v. Wade,* 29 Colo. App. 98, 478 *P.* 2d 690 (1970); *Blaine v. Byers,* 91 *Idaho* 665, 429 *P.* 2d 397 (1967); *Newbury v. Vogel,* 151 Colo. 520, 379 *P.* 2d 811 (1963). We think the principle a sound one in the circumstance here presented of malpractice in the treatment of a preexisting disease or condition. *Cf. NOPCO Chemical Div. v. Blaw-Knox Co.,* 59 *N. J.* 274, 284–285 (1971).

In the instant case the award to Mary did not even approximate her out-of-pocket medical and hospital expenses, aside from her pain, suffering, disability or impairment. Obviously the jury attempted an apportionment of damages and presumably did so on the basis of the court's charge that Mary had the burden of proof. Had the jury been instructed, as we think it should have, that defendant, at the risk of being held liable for all of Mary's damages, had the burden of segregating recoverable damages from those solely incident to the preexisting disease, the verdict might well have been different. In our view this omission prejudiced Mary's opportunity to recover her full measure of damages.

The Appellate Division did not consider the inadequacy of the verdicts as such. We think that it should have. The whole thrust of plaintiffs' appeal was that the damages awarded were so insufficient as to constitute a miscarriage of justice. Plaintiffs had moved for a new trial on this basis.

In any event, the patent inadequacy of the damages awarded has been raised as a separate ground in this Court, and in the interest of justice we will consider it.

The jury found defendant guilty of malpractice and it is clear that such malpractice extended back to the early part of 1963 when defendant was first consulted by Mary. The great weight of credible evidence shows that she had tuberculosis at that time and defendant's failure to diagnose and treat it resulted in Mary's prolonged subjection to the disease as well as its progression to an advanced stage where it was more difficult to control. On this basis and independently of the inadequacy of the charge as to Mary's recoverable damages, the award of $10,000 to her bore no reasonable relationship to the loss sustained by her and was manifestly inadequate. 22 *Am. Jur.* 2d, *Damages,* § 398 at 533.

This same deficiency is also apparent in the awards to Patricia, Marilyn and Wendy. The jury found that they were exposed to and contracted tuberculosis infection as a result of defendant's malpractice. While they have been cured of the infection, they suffered some disability and are required to undergo yearly examinations as a precaution against recurrence of the infection. The awards to them cannot be reconciled with their proven damages.

The other plaintiff, Frank, against whom a "no cause" was returned, had asserted a *per quod* claim as well as a claim for medical expenses he incurred in connection with the treatment of his wife and children. The verdict that he was not entitled to any damages was plainly erroneous.

The judgment of the Appellate Division is reversed and the matter remanded to the trial court for retrial on the issue of damages only.

*For reversal and remandment*—Chief Justice HUGHES, Justices HALL, SULLIVAN, PASHMAN and CLIFFORD, and Judge KOLOVSKY—6.

*For affirmance*—None.