183 N.J. Super. 8 (1982)
443 A.2d 211
ALMA TISDALE, PLAINTIFF-APPELLANT, AND ETHEL THOMAS, PLAINTIFF,
v.
WALTER FIELDS AND TRANSPORT OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1982.
Decided January 22, 1982.
*9 Before Judges MATTHEWS and PETRELLA.
Bernard D. Pearl argued the cause for appellant Alma Tisdale (Donald I. Dvorin, attorney; Bernard D. Pearl on the brief).
Craig W. Miller argued the cause for respondents (Zavesky, Kelly & Madden, attorneys; Craig W. Miller of counsel and on the brief).
PER CURIAM.
Plaintiff Tisdale was a passenger on a bus owned by defendant Transport of New Jersey and driven by defendant Walter Fields, an employee of that company. After a jury trial plaintiff Tisdale was awarded $11,000 plus interest. Plaintiff Thomas was awarded no damages and has not appealed. Motions seeking either a new trial on the issue of damages or in the alternative an additur, were denied. Plaintiff Tisdale filed a timely appeal.
The sole issue on this appeal is the adequacy of the damage award. Tisdale received a chip fracture of the right hip and was treated with traction and bed rest. She also received *10 soft tissue injuries. Tisdale had had several prior accidents and a large part of her claim rested on a claim of aggravation of pre-existing conditions. She urges that the trial judge did not clearly charge the law on aggravation of pre-existing conditions and should have charged portions of the law in Fosgate v. Corona, 66 N.J. 268, 272-273 (1974), so as to require the burden of proof to be shifted to defendants to apportion plaintiff's injuries based on her pre-existing conditions.
The jury was instructed on the law with respect to the law of damages and aggravation of pre-existing conditions. They were told that they should not award damages that were solely related to any pre-existing condition. They were also properly charged with respect to credibility and plaintiff's burden of proof.
We have considered Fosgate, which was a medical malpractice case, and decline to extend its applicability to other negligence cases. We think medical malpractice cases can be distinguished on the relatively light burden a treating physician is forced to shoulder when required to apportion his patient's damage claims. The nature and extent of a patient's condition as well as his prognosis are peculiarly within the ken of the physician. In our view Fosgate is to be limited to cases such as those in the nature of professional malpractice. We also note that the court in Fosgate concluded that even ignoring the issue of the burden of allocating damages attributable to a pre-existing disease, the award in that case was inadequate. Id. at 274. In the usual malpractice case a physician is in a much better position with respect to the proofs to express an opinion on causal relationship, and it is not an undue burden to ask a doctor to negate the claim that the aggravation was due to his tortious acts. In the usual negligence case plaintiff has the burden of establishing all the elements of his cause of action, including damages. We do not find that Fosgate has changed the usual *11 rule in every negligence case.[1] To require a defendant in every negligence case in which there is a claim of aggravation of a pre-existing injury, illness or condition to affirmatively prove that he was not responsible for aggravation of conditions which may have been known only to plaintiff is to require a defendant to prove not only the negative of the claim but what is peculiarly within the knowledge of the injured party. In the usual case a defendant seeks to negate claims of aggravation by cross-examination and impeachment of credibility of plaintiff and his testifying doctors. We see no reason to shift the burden of proof or of persuasion, whether or not defendant in the usual negligence case has an examining doctor testify on his behalf to attempt to negate or mitigate the portion of plaintiff's case dealing with damages.
We likewise find inapposite plaintiff's reliance on Prosser, Law of Torts (4 ed. 1971), § 52 at 319. The quoted section of the treatise discussed the allocation of the burden of proof between defendants who are concurrent tortfeasors. As between two or more defendant wrongdoers there is ample justification for letting them bear the burden of their respective responsibilities among themselves for their tortious conduct.
A proposed amendment to the model charge was submitted after the 1974 decision in Fosgate, and the charge was amended. Plaintiff now relies on the amended § 6.10G of the Model Civil Jury Charges (2 ed. 1978), at 233-234, with respect to "Aggravation." That suggested model charge in relevant part states:
........
However, in this case, the defendant has offered proof to show that he is responsible only for some of plaintiff's injuries. By offering such proof, the defendant does not admit or concede that he was negligent [at fault] or that his *12 acts [or failure to act] was a proximate cause of plaintiff's injuries. The burden of proving negligence and proximate cause remains with the plaintiff. By offering proof to show that all of plaintiff's injuries are not attributable to him, defendant ____ is, in effect stating, that if you should find him negligent [at fault] and if you should find that his negligence [fault] was a proximate cause of plaintiff ____'s injuries, then, and only then, defendant is not responsible for all of plaintiff's injuries.
Defendant has the burden to prove:
1. that the damages suffered by plaintiff are capable of being reasonably apportioned; and
2. for what damages defendant ____ is responsible.
If defendant fails to prove both requirements, then he is responsible for all damages to plaintiff. If defendant does prove both requirements, then he is responsible for only those damages that are attributable to him.
The model charges are for the assistance of the bench and bar and are not officially approved by the Supreme Court or the Administrative Office of the Courts. They also have to be adapted to individual cases. To the extent that the revised model jury charge on aggravation purports to indicate that defendant has the burden, in other than malpractice cases, to prove that damages suffered by plaintiff are capable of being reasonably apportioned in negligence cases, it is not supported by the case law. Dalton v. Gesser, 72 N.J. Super. 100 (App.Div. 1962), was the case upon which the original version of the model charge was based. Nothing in that case indicated that defendant bears the burden of separating a plaintiff's disabilities in the usual negligence case. We also note that in Paxton v. Misiuk, 34 N.J. 453, 463 (1961), the Supreme Court approved the jury instruction in usual negligence cases placing the burden on plaintiffs to establish "that the negligence proved was the proximate cause of the injuries and damages complained of."
We have considered the claim as to the inadequacy of the damage award and conclude that there is no basis for interfering with the jury's verdict. Baxter v. Fairmont Food Co., 74 N.J. 588 (1977); Sweeney v. Pruyne, 67 N.J. 314 (1975).
Affirmed.
NOTES
[1] The holding in Fosgate was limited to malpractice cases. "We think the principle a sound one in the circumstances here presented of malpractice in the treatment of a preexisting disease or condition." 66 N.J. at 273.