237 N.J. Super. 418 (1989)
568 A.2d 106
THOMAS LEWIS AND KATHLEEN LEWIS, PLAINTIFFS-RESPONDENTS,
v.
LEWIS PRESCHEL, M.D., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 5, 1989.
Decided December 21, 1989.
*420 Before Judges PRESSLER, GRUCCIO and LANDAU.
Grossman & Kruttschnitt, attorneys for appellant (Richard A. Grossman on the brief).
O'Connor & Rhatican, attorneys for respondents (Gerald B. O'Connor on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
This appeal by defendant Lewis Preschel, M.D., followed a judgment entered after jury verdict favorable to plaintiffs-respondents Thomas Lewis and Kathleen Lewis in a medical malpractice action. The damages-only verdict awarded $436,000 to Thomas and $120,000 to his wife Kathleen which, together with prejudgment interest added by the trial judge, resulted in an $806,330.02 judgment, attributable to the negligent open reduction of a comminuted fracture of the distal humerus of *421 Thomas' left arm sustained in an automobile accident, and his post-operative discharge without casting or splinting required to avoid undue stress upon screws which were inserted to keep the set bone in place while healing.
There had been an earlier trial on both liability and damages which resulted in a jury finding of liability but an award of only $60,000 in favor of Thomas and $5,000 for his wife. The Lewis' then moved for additur or for a new trial on damages, and the trial judge granted the latter request. Preschel's motion for leave to appeal this order was denied, as was his motion for new trial or remittitur after the second verdict. He also opposed the provision for prejudgment interest in the final judgment.
In this appeal, Preschel contends that the new trial on damages was unwarranted and an abuse of discretion; that if the trial judge did not desire to fashion an additur, a new trial should have been afforded on both liability and damages; that the de bene esse deposition of an expert was improperly admitted in the second trial; that the trial judge prejudicially restricted defendant in the second trial from presenting evidence which would have addressed the extent to which the malpractice, as distinct from the accident-caused initial injury, contributed to the damages proved; that the jury verdict was excessive; and that prejudgment interest should not have been assessed for the period between the first trial and the second trial as defendant was prepared to pay the amount of the initial judgment.
We have reviewed and considered carefully the record and the briefs and appendices submitted to us, in light of applicable law, and we conclude that, save for the contention respecting restriction of evidence addressing allocation of damages by cause (defendant's Point IV), these contentions are clearly without merit. R. 2:11-3(e)(1)(E); See Ruff v. Weintraub, 105 N.J. 233, 245 (1987); Dolson v. Anastasia, 55 N.J. 2, 6 (1969); Esposito v. Lazar, 2 N.J. 257, 259 (1949); Ideal *422 Mutual Ins. Co. v. Royal Globe Ins. Co., 211 N.J. Super. 336 (App.Div. 1986); R. 4:49-1; R. 4:42-11(b). Further, the evidence supporting the aggregate amount of damages found by the jury was sufficient to support their verdict, (R. 2:11-3(e)(1)(B)), which, while high, was not so disproportionate to the resulting loss as to warrant judicial intervention. See Correa v. Maggiore, 196 N.J. Super. 273, 283 (App.Div. 1984); Ardis v. Reed, 86 N.J. Super. 323, 329 (App.Div. 1965), aff'd 46 N.J. 1 (1965).
We add, as to the ruling which permitted use of the de bene esse deposition of Dr. Heppenstall, despite a ruling in the first trial which barred his testimony there, that the ruling of the trial judge was a sound exercise of discretion in the interest of justice. R. 4:42-2, which incorporates the interest of justice standard, has been held applicable to all interlocutory orders. See Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250 (App.Div. 1987), certif. den. 110 N.J. 196 (1988). We expressly disapprove the practice of so called "lateral appeals" whereby litigants dissatisfied with an interlocutory order entered by one trial judge seek its overturn or modification by motion to another trial judge. This, however, was not such a situation. A second trial was in progress. The first order properly protected the defendant against surprise testimony from a key out-of-state witness who did not then subject himself to a deposition. At the second trial, the only effect of the preclusive order would have been punitive to the plaintiffs as Dr. Heppenstall's deposition was taken well in advance of that trial. This was not like relitigation of a previously decided issue of fact or law. Hereafter, a trial judge in like circumstances should make express findings to support the interest of justice conclusion, and enter an appropriate order of modification.

Restricting Evidence on Damages
Our review of the record discloses that while the first trial jury clearly found both negligence and causation of injury, it was not instructed respecting the question of how much of *423 the damages award was attributable to Dr. Preschel's malpractice, as distinguished from those damages which would have arisen even if the reduction and related treatment had not been negligently performed. See Fosgate v. Corona, 66 N.J. 268 (1974); Ciluffo v. Middlesex General Hospital, 146 N.J. Super. 476 (App.Div. 1977); See also "Model" Civil Charges 6.10G(1) and (2).
This issue has been most recently addressed in Ostrowski v. Azzara, 111 N.J. 429, 439-40 (1988). While proximate causation of injury was established in the first trial, it was plain error for the trial judge at the second trial to preclude defendant's attempt (indeed, plaintiffs' efforts as well) to establish how much of the Lewis' wage losses, medical expenses, general damages and loss of consortium was attributable to the malpractice as distinct from being the probable consequence of a properly treated fracture of similar gravity.
Consistent with this preclusion, the second trial judge charged the jury based upon his understanding of the first trial verdict and order for new trial that "Dr. Preschel's negligence proximately caused or was responsible for all the injuries suffered by [Mr.] Lewis following the treatment by ... Dr. Preschel on August 31, 1983."
It is clear that where an existing injury has been aggravated by malpractice, "the innocent plaintiff should not be required to establish what expenses, pain, suffering, disability or impairment are attributable solely to the malpractice" and that "the burden of proof should be shifted to the culpable defendant who should be held responsible for all damages unless he can demonstrate that the damages for which he is responsible are capable of some reasonable apportionment and what those damages are." Fosgate 66 N.J. at 273. See also, Ostrowski 111 N.J. at 439. This shifting of burden does not signal that no apportionment evidence can be received on the damages issue. As the jury in the first case had not received a Fosgate/Ciluffo charge similar to Model Charges 6.10G(1) and *424 (2), there was no sound basis in the second trial to preclude evidence on the allocation issue, or to charge the jury only to determine all damages suffered after August 31, the date of Lewis' treatment by Dr. Preschel.
Consequently, we are obliged to remand once again for retrial. In light of our other holdings in this case, we are satisfied that the question of allocation can be determined independently of the issue of the total dollar damages. For that reason, the issue of total dollar damages, already determined, need not again be addressed. All that is required is an opportunity for defendant to submit evidence to a trier of fact sufficient to enable the trier to determine what portion of the awards heretofore made for lost wages, medical expenses, general damages, and loss of consortium is not attributable to the malpractice.
While the record, including some proofs previously erroneously excluded, suggest that most of plaintiff's extensive damages arise by reason of the Preschel treatment, the defendant must be afforded an opportunity to meet his Fosgate burden before a properly charged jury.
Reversed and remanded for a new trial limited to the allocation issue.