**Alfred FOGGIA, Appellant,**

v.

**DES MOINES BOWL–O–MAT, INC. a/k/a Bowl–O–Mat, Inc., and Fair Lanes Bowling, Inc., Appellees.**

No. 94–1741.

Supreme Court of Iowa.

Feb. 14, 1996.

David S. Wiggins of Wiggins, Anderson & Conger, P.C., West Des Moines, for appellant.

John Werner and Mark A. Schultheis of Grefe & Sidney, P.L.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

SNELL, Justice.

Appellant, Alfred Foggia, appeals following a jury verdict in his favor and a denial of his motion for new trial. We affirm.

I. Factual and Procedural Background

Early in 1991 (the exact date is in dispute), Alfred Foggia, carrying two bowling balls, exited Fair Lanes Bowling in Des Moines, through a door clearly marked "emergency exit only," onto an untreated, snow and ice covered concrete slab. Once there, he slipped and fell. He sought no medical attention until March 26, 1991, on which date he complained to his chiropractor he was sore because he had just cut down 100 trees. The next day, he returned for another treatment, and this time he mentioned he had fallen on ice sometime earlier. During this time, he continued to manage the tavern he and his wife owned and never missed a day of work.

At trial, medical records and testimony were presented as to Foggia having numerous other injuries both prior and subsequent to the fall. One of his physicians said Foggia's present injuries were all either the re-

sult of preexisting injuries or other injuries subsequent to the fall.

The case was tried to a jury and following six hours of deliberation it returned a verdict in favor of the plaintiff. The jury apportioned fault of forty-nine percent to the plaintiff and fifty-one percent to the defendants and awarded the plaintiff $100 damages for past pain and suffering. The jury made no award for future pain and suffering, past medical expenses, or loss of past and future function. The plaintiff filed a motion for new trial which was denied. Plaintiff Foggia now appeals the district court's failure to grant a new trial on the basis the verdict was not supported by sufficient evidence and the damages awarded were inadequate. Further errors are asserted in the district court's formulation of jury instructions on proximate cause and burden of proof. We affirm on all issues.

II. Motion for New Trial

■ The plaintiff moved for new trial under Iowa Rule of Civil Procedure 244(d) and (f) on the grounds the jury verdict was not supported by substantial evidence and the damages awarded were inadequate. The trial court denied the motion, finding the verdict was entirely supported by the evidence introduced and was neither legally nor logically inconsistent. This court's standard of review of a trial court's action on a motion for new trial is for abuse of discretion. *Matthess v. State Farm Mut. Auto Ins. Co.*, 521 N.W.2d 699, 702 (Iowa 1994); *Witte v. Vogt*, 443 N.W.2d 715, 716 (Iowa 1989).

■ We acknowledge an inadequate damage award merits a new trial as much as an excessive one. Iowa R.Civ.P. 244; *Matthess*, 521 N.W.2d at 702; *Witte*, 443 N.W.2d at 716. Whether damages awarded are adequate in a particular case depends on the facts of the situation. *Matthess*, 521 N.W.2d at 702. The test we must apply is "whether the verdict fairly and reasonably compensates the injury the party sustained." *Id.*; *see also Householder v. Town of Clayton*, 221 N.W.2d 488, 493 (Iowa 1974). Although evidence presented at trial may justify a higher damage award, this alone does not control. The key question is whether after examining the record, "giving the jury its right to ac-

cept or reject whatever portions of the conflicting evidence it chose, the verdict effects substantial justice between the parties." *Kautman v. Mar–Mac Community Sch. Dist.*, 255 N.W.2d 146, 148 (Iowa 1977); *see also Moore v. Bailey*, 163 N.W.2d 435, 437 (Iowa 1968). Another consideration for this court in examining the trial court's determination is "the fact the trial court, with benefit of seeing and hearing witnesses, observing the jury and having before it all incidents of the trial, did not see fit to interfere [with the jury's verdict]." *Olsen v. Drahos*, 229 N.W.2d 741, 743 (Iowa 1975).

■ In this case, pain and suffering of the plaintiff and the resulting damages are clearly a matter to be determined by the jury. *See Mazur v. Grantham*, 255 Iowa 1292, 1301, 125 N.W.2d 807, 813 (Iowa 1964). The amount awarded, here $100, is within a reasonable range the jury may have determined the plaintiff suffered in experiencing the *fall*, especially if it found his slip at the bowling alley was not the cause of his other injuries.

■ The plaintiff further argues that the jury award of damages for pain and suffering excluding damages for future pain and suffering, past medical expenses, and loss of function is illogical and contrary to law. The plaintiff relies on two cases, *Cowan v. Flannery*, 461 N.W.2d 155 (Iowa 1990), and *Shewry v. Heuer*, 255 Iowa 147, 121 N.W.2d 529 (Iowa 1963), for the proposition a verdict awarding special damages while denying medical damages is inadequate as a matter of law. Foggia's argument on this issue fails for two reasons. First of all, in *Matthess*, this court explained the status of this area of law in Iowa:

Recently, we reviewed extensively our cases involving questions of inadequate awards where the awards were approximately equal to or less than the special damages. We discovered we *have not adopted an inflexible rule that every verdict awarding only special damages is inadequate as a matter of law.*

*Matthess*, 521 N.W.2d at 702 (emphasis added; citations omitted). A survey of this case law shows we have affirmed a grant of new trial where evidence of damages was undis-

puted and the damage award was approximately equal to the special damages; we have reversed a denial of a new trial where evidence material to the damage award was undisputed and the award was equal to or less than the special damages; we have affirmed the denial of a new trial where evidence of the cause or extent of the injury was disputed; and we have reversed the granting of a new trial where evidence of the extent of the injuries was disputed. *Id.; see also Cowan,* 461 N.W.2d at 159; *Witte,* 443 N.W.2d at 715; *Waddell v. Peet's Feeds, Inc.,* 266 N.W.2d 29 (Iowa 1978); *Kautman,* 255 N.W.2d at 146; *Schmatt v. Arenz,* 176 N.W.2d 771 (Iowa 1970).

Additionally, Foggia's reliance on *Cowan* and *Shewry* in support of his position is misplaced. Foggia is correct in that this court in both *Cowan* and *Shewry* granted the plaintiff a new trial on the basis of inadequacy of damages awarded. However, the damage issue in these cases is inverse to the inquiry in the present case. In both *Shewry* and *Cowan,* the juries awarded damages for past medical expenses related to the injury but denied recovery for past pain and suffering resulting from the injury. The court recognized the inconsistency in an award which acknowledged that the injury did in fact occur (by allowing medical expenses) yet in effect denied that *any* amount of pain and suffering took place. The court in both these cases held this inconsistency merited a new trial. The jury in our case has done exactly the opposite. The court in *Cowan* and *Shewry* opined that it was illogical for a jury to "award past and future medical expense incurred to relieve headache, neck and back pain and then allow nothing for such physical pain and suffering." *Cowan,* 461 N.W.2d at 160. Such a breach of logic does not exist in the instant case. Here the jury awarded Foggia damages for past pain and suffering, but nothing for past medical expenses. Based on the evidence and testimony presented at trial, it is plausible that the jury found none of his medical expenses were caused by the fall at issue. The jury in this case found that the plaintiff's claimed medical expenses, loss of function, and much of his pain and suffering were not the result of this fall. Because these are the precise types of

findings within the province of the jury and they are supported by substantial evidence in the record, we will not disturb them by granting the plaintiff a new trial. *See Kaiser v. Stathas,* 263 N.W.2d 522, 526 (Iowa 1978).

### III. Proximate Cause

The plaintiff next appeals on the basis of an instruction submitted to the jury explaining proximate cause. The instruction used was that embodied in I Iowa Civil Jury Instruction 700.3 (1995):

> INSTRUCTION NO. 9: The conduct of a party is a proximate cause of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct.
>
> "Substantial" means the party's conduct has such an effect in producing damage as to lead a reasonable person to regard it as a cause.
>
> There can be more than one proximate cause of an injury or damage.

We review a trial court's formulation of jury instructions for errors of law. Iowa R.App.P. 4; *State v. Kellogg,* 542 N.W.2d 514 (Iowa 1996); *State v. Breitbach,* 488 N.W.2d 444, 449 (Iowa 1992). As long as a requested instruction correctly states the law, has application to the case, and is not stated elsewhere in the instructions, the court must give the requested instruction. *Kellogg,* 542 N.W.2d at 516; *Adam v. T.I.P. Rural Elec. Coop.,* 271 N.W.2d 896, 901 (Iowa 1978). We will not grant a reversal on the basis of error in giving or refusing to give a particular jury instruction unless the action results in prejudice to the defendant. *Rudolph v. Iowa Methodist Medical Ctr.,* 293 N.W.2d 550, 555 (Iowa 1980).

The plaintiff contended the following instruction should have been given:

> When two or more separate conditions combine, so that, when viewed as a whole the conditions proximately caused plaintiff's injuries, the separate fault of each of those parties may be a proximate cause even though individually the separate conditions would not have alone produced the plaintiff's injuries if the conduct substantially contributed to plaintiff's injury.

Foggia contends this instruction is based on language from *Spaur v. Owens–Corning Fiberglas Corp.*, 510 N.W.2d 854 (Iowa 1994), and was warranted in this case. This argument fails because this type of instruction has no applicability to the case at bar.

In *Spaur*, the court looked at a case with multiple party defendants, several asbestos companies. *Spaur*, 510 N.W.2d at 857. The plaintiff alleged the acts of each defendant had combined to produce his injury. This merited the following concurrent proximate cause instruction to the jury:

> It applies whenever two or more parties' separate fault combine, so that, when viewed as a whole, the fault proximately caused plaintiff's injuries. In such cases, the separate fault of each of those parties may be a proximate cause even though individually the party's separate fault would not have alone produced plaintiff's injuries, if the party's separate fault substantially contributed to plaintiff's injuries.

*Id.* at 861.

Foggia's proposed instruction was clearly modeled after the instruction approved in *Spaur*; however, he has made one important change. Whereas the instruction in *Spaur* referred to "two or more parties' separate fault" combining to produce an injury, the instruction Foggia suggests refers to "two or more separate *conditions* " combining to produce an injury. This distinction is crucial as it is the reason why concurrent proximate cause is not an issue in this case. In cases such as *Spaur*, concurrent proximate cause is at issue because the jury is asked to examine the actions of two or more *defendants* to ascertain whether their individual fault was a substantial and therefore proximate cause of the injury. *Id.* In this case, we have a different situation: The inquiry for the jury is whether the plaintiff *himself* played a role in his injury such as to reduce the liability or fault of the defendant. In this case, we have no multiple defendants, rather, just Foggia and the defendant. The relevant inquiry for the jury, therefore, is one of *comparative fault*, rather than concurrent proximate cause. Because the concept of comparative fault was clearly presented in the instruc-

tions, there is no reason to disturb the jury's verdict.

## IV. Burden of Proof

The plaintiff next objects to the court's formulation of the instructions on preexisting conditions in general. The plaintiff also claims the district court erred in failing to instruct the jury as to the burden of proof being on the defendant to prove the plaintiff's injuries were caused by the preexisting conditions. Again, our review is for errors at law. Iowa R.App.P. 4. Because the plaintiff failed to object to submission of the instructions on preexisting conditions, he has waived this error.

The plaintiff also contends the court should have added a provision to the instructions stating the burden of proof is on the defendant to establish the preexisting conditions. Because this is not the case, the court properly refused such a request. It is firmly established in the case law of Iowa that the plaintiff in a negligence suit bears the burden of proof on the issues of causation and damages. Iowa R.App.P. 14(f)(8); *Schermer v. Muller*, 380 N.W.2d 684, 689 (Iowa 1986); *Froman v. Perrin*, 213 N.W.2d 684, 687 (Iowa 1973); *see also* Prosser, *Law of Torts* § 39, at 218–19 (4th ed. 1971). In Iowa, "the burden of proof on an issue is upon the party who would suffer loss if the issue were not established." Iowa R.App.P. 14(f)(5). This court has explained this burden as follows:

> In order to recover, the plaintiff must prove the defendant's negligence was a proximate cause of his damages. The plaintiff thus bears the risk of non-persuasion on establishing the defendant's negligence as a substantial factor in causing his damages. When a defendant denies this element, he may rely on the insufficiency of the plaintiff's proof. . . .

*Adam*, 271 N.W.2d at 902.

The plaintiff argues that because the facts of the case merited an instruction on preexisting injuries, this also shifted the burden of proof. We decline to adopt such a rule. As we have stated, "our general rule limits a defendant's liability to compensation for injuries caused by his own acts of negligence, and not for injury, suffering or im-

paired health due to other causes." *Becker v. D & E Distrib. Co.*, 247 N.W.2d 727, 730 (Iowa 1976); *see also Bradshaw v. Iowa Methodist Hosp.*, 251 Iowa 375, 380, 101 N.W.2d 167, 170 (1960) (refusing to submit claim to the jury when plaintiff failed to present evidence on causation separating his claimed injuries from his preexisting conditions). The burden is on the plaintiff to prove he does not suffer from a prior disability. *Becker*, 247 N.W.2d at 731.

Plaintiff, in support of his argument, points us to a line of cases beginning with *Fosgate v. Corona*, 66 N.J. 268, 330 A.2d 355, 358 (1974), to illustrate his position the defendant bears the burden of proving the plaintiff's preexisting conditions. These cases do not control in cases such as ours. *Fosgate* concerned a case in which a physician was sued for failing to diagnose the plaintiff's tuberculosis. *Fosgate*, 330 A.2d at 356. The New Jersey court held the defendant had the burden of segregating the damages which he caused from those resulting from the preexisting condition. *Id.* As the New Jersey courts have recognized in subsequent cases, this is not an appropriate rule outside of the professional negligence arena. *See Blanks v. Murphy*, 268 N.J.Super. 152, 632 A.2d 1264, 1266–68 (1993); *Tisdale v. Fields*, 183 N.J.Super. 8, 443 A.2d 211, 212 (1982). In the case of a medical professional defendant, the burden of segregating claims on this basis is relatively light and is an area in which he presumably has considerable expertise. Placing such a burden on a nonprofessional defendant, however, would be much more onerous, as he would be asked to prove matters not only outside his area of experience, but also peculiarly within the knowledge of the plaintiff. *Tisdale*, 443 A.2d at 212. Because we agree with this analysis, we see no reason to impose such a burden in this case.

The plaintiff also relies on the Restatement (Second) of Torts as authority for his proposed shift in the burden of proof. Restatement section 433B reads as follows:

(1) Except as stated in subsections (2) and (3), the burden of proof that the tortious conduct of the defendant has caused the harm to the plaintiff is upon the plaintiff.

(2) Where the tortious conduct of *two or more actors* has combined to bring about

harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof of the apportionment is upon such actor.

Restatement (Second) of Torts § 433B (1965) (emphasis added). As noted earlier, this is not a case in which the actions of two tortfeasors have combined to produce plaintiff's injuries. Rather, here we are only concerned with the actions of one tortfeasor and the preexisting conditions and subsequent injuries of the plaintiff himself. Thus Restatement section 433B(2) has no application to this case. Restatement section 433B(1) supports the defendant's contention that the ultimate burden of proof remains on the plaintiff. Because the instructions submitted by the court on this issue were not erroneous, plaintiff was not entitled to a new trial on this basis.

V. Conclusion

Because the jury verdict is supported by substantial evidence in the record and we find no error in the jury instructions, we affirm the actions of the trial court on all issues.

**AFFIRMED.**