Jeanie Marie **GORDEN**, Appellant,

v.

Mitchell Carson **CAREY** and Joann M. Kamber, Appellees.

No. 99–467.

Supreme Court of Iowa.

Dec. 22, 1999.

George F. Davison, Jr., of Hawkins & Norris, Des Moines, for appellant.

---

Joseph A. Happe and William H. Grell of Huber, Booke, Cortese, Happe & Brown, P.L.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, TERNUS, and CADY, JJ., and HARRIS,* S.J.

PER CURIAM.

This appeal follows a jury verdict on Jeanie Gorden's negligence action based on injuries suffered in an automobile accident in which her automobile was struck by a car driven by defendant Mitchell Carey and owned by his mother, defendant Joann Kamber. The jury awarded Gorden $1350 for past physical and mental pain and suffering and $1350 for past loss of the function of the body. The jury assessed Gorden thirty-five percent comparative fault and the court reduced the damages accordingly. Gorden appeals contending generally the damages awarded were inadequate. She argues that a new trial on the issue of damages should have been granted.

■ Gorden makes this contention for the first time on appeal. She made no motion for new trial based on the alleged inadequacy of damages following the trial and did not seek additur. Nor did she in any other manner alert the trial court to her concern about the amount of damages awarded. We find Gorden has failed to preserve this issue for our review. *See* 4 C.J.S. *Appeal and Error* § 224 (1993) (a motion for new trial is generally required to preserve a claim that the damages awarded were excessive or inadequate); *Christiansen v. Roddy,* 186 Cal.App.3d 780, 789, 231 Cal.Rptr. 72, 78 (1986).

■ Iowa Rule of Civil Procedure 244[1] provides that the proper method for

---

* Retired judge serving as senior judge pursuant to Iowa Code section 602.9206 (1999).

1. Iowa Rule of Civil Procedure 244 provides in relevant part:

On motion, the aggrieved party may have an adverse verdict, decision, or report or some portion thereof vacated and a new trial granted if any of the following causes

challenging the adequacy of damages is through a motion for new trial. In ruling on motions for new trial, the trial court has broad, but not unlimited, discretion in determining whether the verdict effectuates substantial justice between the parties. *Jackson v. Roger*, 507 N.W.2d 585, 589 (Iowa App.1993). We then review the trial court's ruling on an abuse of discretion standard. *Foggia v. Des Moines Bowl-O-Mat, Inc.*, 543 N.W.2d 889, 891 (Iowa 1996). Without having the benefit of a motion for new trial and a ruling thereon, there is nothing from which we can review the trial court's use of discretion. Requiring such a motion to be made gives the trial court, which had the "benefit of seeing and hearing witnesses, observing the jury and having before it all incidents of the trial," the initial decision of whether it should interfere with the jury's verdict. *See id.; see also Stewart v. Equitable Mut. Life Ass'n*, 110 Iowa 528, 530, 81 N.W. 782, 782 (1900) ("The purpose of a motion for a new trial is to bring before the court errors which, without it, would not be called to its attention.").

 Even if error had been preserved, there is substantial evidence in the record to support the jury's damage awards and we will not disturb them by granting the plaintiff a new trial. *See Kaiser v. Stathas*, 263 N.W.2d 522, 525–26 (Iowa 1978). The amount of damages awarded is peculiarly a jury, not a court, function. *See Yoch v. City of Cedar Rapids*, 353 N.W.2d 95, 98 (Iowa App.1984). The jury's verdict should not be set aside or altered unless the plaintiff proves the verdict: (1) is flagrantly excessive or inadequate; or (2) is so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is the result of passion, prejudice or other ulterior motive; or (4) is lacking in evidential support.

> materially affected movant's substantial rights:
> . . . .
> *d.* Excessive or inadequate damages appearing to have been influenced by passion or prejudice; [or]

*Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 659 (Iowa 1969). Gorden has not implicated any of these concerns.

**AFFIRMED.**

. . . .
*f.* That the verdict, report, or decision is not sustained by sufficient evidence or is contrary to law. . . .