Carl SHINN a/k/a Carl D. Shinn,
Plaintiff–Appellant,

v.

IOWA MUTUAL INSURANCE
COMPANY, Defendant–
Appellee.

No. 99–0107.

Court of Appeals of Iowa.

Feb. 23, 2000.

John A. Pabst of Pabst Law Firm, Albia, for appellant.

Michael J. Moreland and Jeffrey R. Logan of Lynch, McKay, Moreland & Webber, P.C., Ottumwa, for appellee.

Heard by SACKETT, C.J., and ZIMMER and MILLER, JJ.

SACKETT, C.J.

Plaintiff–Appellant Carl Shinn purchased a policy from Defendant–Appellee Iowa Mutual Insurance Company insuring his home in Udell, Iowa, for fire damage. The house burned. Plaintiff filed a timely claim for coverage. Defendant denied plaintiff's claim for coverage contending plaintiff made false representations and he conspired with another, Ernest Stetter, to burn the house down. Plaintiff sued defendant contending it breached his contract of insurance. A jury denied plaintiff's claim for coverage on the fire. Plaintiff contends the district court erred (1) in admitting hearsay evidence; and (2) in instructing the jury. We affirm in part, we reverse in part and remand for new trial.

The fire loss occurred on November 13, 1996. At the time of the fire plaintiff was in Kansas. The theory advanced after the fire investigation was George Byers in conspiracy with plaintiff paid Ernest Stetter to start the fire. Stetter was arrested and charged with arson. Following his arrest, Stetter gave a video taped confession to the Appanoose County Sheriff. Stetter's confession came after an agreement was made between Stetter and the state that Stetter would give testimony in return for a reduction of the charges against him and he would not be held financially responsible for the fire loss. The arson charge against Stetter was dismissed. Stetter then left the state and could not be found. He was not available at trial time.

The defendant sought to introduce evidence of Stetter's statements through the testimony of Deputy Sheriff Gary Anderson. Anderson testified over objection Stetter told him George Byers, a neighbor and friend of plaintiff, offered Stetter $500 to burn down plaintiff's house. Stetter also said Byers said Stetter would get $500 more from plaintiff's insurance proceeds. Anderson testified Stetter described the interior of the house and told him plaintiff put gasoline in plastic antifreeze containers in the house and left the back door unlocked. Anderson related Stetter said he spread the gasoline through the home and lit it. A charred plastic antifreeze container containing gasoline was found on the premises.

Plaintiff contends it was error for the district court to allow Anderson's testimony of statements made by Stetter and statements Stetter made as to what Byers said. Defendant admits error was preserved in that plaintiff filed a motion under Iowa Rule of Evidence 104(b) and objected to Anderson's testimony as to statements made by Stetter.

Anderson's testimony was based on alleged out-of-court statements made to him by a non-testifying declarant, Stetter. It was offered to prove the truth of the matter asserted, that is, that plaintiff paid to have the fire started. *See* Iowa R.Evid. 801(c), and Iowa R.Evid. 802. Such rulings should be reviewed for correction of errors of law. *State v. Ross,* 573 N.W.2d 906, 910 (Iowa 1998). Admission of hearsay evidence over a proper objection is presumed to be prejudicial error unless the contrary is affirmatively established. *See State v. Rice,* 543 N.W.2d 884, 887 (Iowa 1996); *State v. McKettrick,* 480 N.W.2d 52, 60 (Iowa 1992); *accord State v. Nims,* 357 N.W.2d 608, 609 (Iowa 1984); *State v. Wixom,* 599 N.W.2d 481, 484 (Iowa App.1999).

Plaintiff contends Stetter's statements were hearsay. A first question is whether the statements are hearsay. Defendant,

relying on Rule 801(d)(2)(E) contends they are not.

> 801(d)(2)(E) provides in relevant part:
>
> Statements Which Are Not Hearsay. A statement is not hearsay if ... (2) The statement is offered against a party and is ... (E) a statement by a co-conspirator of a party *during the course and in furtherance of the conspiracy.*

(emphasis added).

■ In order for the rule to apply to Stetter's statements to Deputy Anderson two conditions must be met. First, the statement must have been made during the pendency of the conspiracy. Second, it must have been made in promotion of the object or design of the conspiracy. *State v. Ross,* 573 N.W.2d 906, 915 (Iowa 1998); *State v. Wedelstedt,* 263 N.W.2d 894, 899 (Iowa 1978). We find that the statement was not made either during the alleged conspiracy or in promotion of its object.

In *State v. Puffinbarger,* 540 N.W.2d 452, 456 (Iowa App.1995), we held the 801(d)(2)(E) exception did not apply to written statements made by a codefendant to the police after the codefendant had been arrested. The court reasoned a conspiracy ends when the central criminal purposes have been attained, when the last objective sought is achieved or when all co-conspirators have been arrested. *Id.* Accordingly, a co-conspirator's incriminating statement following an arrest does not qualify under the co-conspirator definition because the statement was not in furtherance of the criminal act; rather, the conspiracy has terminated. *Id.*

■ The same holds true in the present case. Stetter's statement was made to Deputy Anderson after the house had burned and after Stetter was arrested. Consequently, the object of the alleged conspiracy had already been achieved. The statement was made after the alleged conspiracy had terminated. Also, since it was made to a police officer after Stetter's arrest, it would not have been made in furtherance of the alleged conspiracy even if its purpose had not already been attained. Thus, these statements were hearsay.

The second question is, are the hearsay statements admissible as an exception to the general ban on hearsay evidence. Defendant contends they are admissible under Iowa Rule of Evidence 804(b)(3) which provides:

> *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest or so far tended to subject him to civil or criminal liability, ... that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

This exception requires that the declarant be unavailable. No one disputes that Stetter was not available. Plaintiff contends Stetter had a motive to give false testimony and the circumstances under which the testimony was given indicate the statement was not trustworthy. We agree..

■ The question is whether the evidence admitted by the trial court "so far tended to subject [Stetter] to ... criminal liability ... that a reasonable man in his position would not have made statements unless he believed they were true." Iowa R.Evid. 804(b)(3).

However, in interpreting the federal counterpart to rule 804(b)(3), the United States Supreme Court has stated that "even the confessions of arrested accomplices may be admissible if they are truly self-inculpatory, rather than merely attempts to shift blame or curry favor." *Williamson v. United States,* 512 U.S. 594, 603, 114 S.Ct. 2431, 2436, 129 L.Ed.2d 476, 485 (1994).

Stetter's assertions implicated him. He described how he set the fire, which was

against his penal interest. Although Stetter's declarations implicate plaintiff and Byers along with himself, he did not seek to shift blame for actually setting fire to plaintiff's house..

Nevertheless, Stetter was attempting to curry favor with the authorities by admitting he personally committed the crime at the time he was charged with arson. He gave the statement in exchange for a promise his original charges would be reduced and he would not be held responsible for restitution.[1] Stetter's declarations were hardly contrary to his pecuniary or proprietary interest when made. They are not truly inculpatory and therefore are not admissible under 804(b)(3).

The challenged testimony is hearsay and is not admissible under an exception. The district court erred in allowing its admission. We reverse on this issue and remand for a new trial.

We next address plaintiff's claim the district court should not have instructed on both fraud and fraudulent disclosure. Defendant claims plaintiff committed fraud and fraudulent nondisclosure by stating he did not conspire with Stetter to set the fire. Plaintiff advances the only difference between fraud and fraudulent disclosure is a duty to disclose and the district court erred in instructing on both.

Defendant contends it presented substantial evidence to support an instruction for fraudulent misrepresentation and fraudulent nondisclosure.

We review a trial court's formulation of jury instructions for errors of law. Iowa R.App. 4; *Foggia v. Des Moines Bowl–O–Mat, Inc.,* 543 N.W.2d 889, 892 (Iowa 1996). Our standard of review for jury instructions is whether prejudicial error by the trial court has occurred. *Thavenet v. Davis,* 589 N.W.2d 233, 236 (Iowa 1999); *Coker v. Abell–Howe Co.,* 491 N.W.2d 143, 148 (Iowa 1992). Instructions must be considered as a whole, and if the jury has not been misled there is no reversible error. *Thavenet,* 589 N.W.2d at 236; *In re Will of Behrend,* 233 Iowa 812, 818, 10 N.W.2d 651, 655 (1943).

There was substantial evidence to support submission of both instructions to the jury. The submission of both instructions is not so confusing as to mislead the jury. Plaintiff was not prejudiced by the submission of both instructions. We affirm on this issue.

We have ordered a new trial. Thus we need not address plaintiff's challenge to the length of jury deliberations.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

1. The question of whether the state had authority to relieve Stetter from civil liability for the fire is not an issue.