**IN THE COURT OF APPEALS OF IOWA**

No. 22-1668
Filed June 21, 2023

**EMSUD PAJAZETOVIC,**
         Plaintiff-Appellant,

**vs.**

**PATRICK HORST and PHYSIOTHERAPY ASSOCIATES, INC. d/b/a SELECT PHYSICAL THERAPY,**
         Defendants-Appellees.
_____

         Appeal from the Iowa District Court for Black Hawk County,

Kellyann M. Lekar, Judge.

         A plaintiff appeals damages awarded by a jury in a negligence action.

**AFFIRMED.**

         Steve Hamilton and Molly M. Hamilton of Hamilton Law Firm, P.C., Clive,

for appellant.

         Martha L. Shaff and Amanda M. Richards of Betty, Neuman & McMahon,

P.L.C., Davenport, for appellees.

         Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

Emsud Pajazetovic appeals the sum of damages a jury awarded in a negligence action he brought against Patrick Horst and Physiotherapy Associates Inc., doing business as Select Physical Therapy (together referred to as Horst), following a jury trial on a negligence claim. Pajazetovic claims the award of damages, which did not include reimbursement for lost wages, was inadequate because of a question posed by Horst's attorney who he claims injected bias based on Pajazetovic's ethnicity into the trial.[1] But Pajazetovic did not challenge the adequacy of the damages to the district court by filing a post-trial motion. Therefore, error is not preserved. *See* Iowa R. Civ. P. 1.004(4) (noting that following a jury trial, the proper avenue for challenging "excessive or inadequate damages appearing to have been influenced by passion or prejudice" is a motion for new trial); *Gorden v. Carey*, 603 N.W.2d 588, 589-90 (Iowa 1999) (same); *Smith Tr. of Neal E. Smith Revocable Tr. v. City of Pleasant Hill*, No. 16-1442, 2018 WL 346243, at *1-2 (Iowa Ct. App. Jan. 10, 2018) (same).

Pajazetovic concedes that he did not comply with the error-preservation rules. But he asserts the rule "is not always adhered to." He cites *Gorden* for the

---

[1] In Pajazetovic's appellate brief, he frames the issue on appeal primarily as the inadequacy of damages, asserting the improper questioning of his wife served as the reason for those inadequate damages. In his reply brief, he claims the primary issue on appeal is the improper questioning of his wife. To the extent he only raises this as a free-standing claim in his reply brief, the matter is waived. *See Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 642 (Iowa 1996) ("Parties cannot assert an issue for the first time in a reply brief."). Even if we were to consider the claim, error is not preserved. After his objection to the question was sustained, Pajazetovic did not move for a mistrial. Such a motion was necessary to preserve error—without it, the district court had no reason to suspect Pajazetovic wanted further relief. *See, e.g., State v. Krogman*, 804 N.W.2d 518, 526 (Iowa 2011).

proposition that courts sometimes reach the merits of a claim despite a failure to preserve error. 603 N.W.2d at 590. We reject this argument for two reasons. First, to the extent the court in *Gorden* discussed the merits of the case, that section of the opinion was dicta. *Id.*; *see also* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 72 (2006*)* (describing how, despite being legally unnecessary, courts sometimes "reason in the alternative" by reaching the merits of a claim when error is not preserved).

Second, and more importantly, ignoring our error-preservation rules would require us to create a novel standard of review for claims challenging a jury's decision on damages. As the court in *Gorden* described,

> In ruling on motions for new trial, the trial court has broad, but not unlimited, discretion in determining whether the verdict effectuates substantial justice between the parties. *Jackson v. Roger*, 507 N.W.2d 585, 589 (Iowa Ct. App. 1993). We then review the trial court's ruling on an abuse of discretion standard. *Foggia v. Des Moines Bowl–O–Mat, Inc.*, 543 N.W.2d 889, 891 (Iowa 1996). *Without having the benefit of a motion for new trial and a ruling thereon, there is nothing from which we can review the trial court's use of discretion.* Requiring such a motion to be made gives the trial court, which had the "benefit of seeing and hearing witnesses, observing the jury and having before it all incidents of the trial," the initial decision of whether it should interfere with the jury's verdict. *See id.*

603 N.W.2d at 590 (emphasis added). Given the lack of a motion for new trial and ruling on such a motion, we have nothing to review. We decline to overlook the rules of error preservation.

**AFFIRMED.**